Taliaferro, J.
The city of New Orleans, in its corporate capacity, instituted a proceeding in the usual manner, to have certain expropriations made of private property belonging to various individuals, in order to construct roads necessary for public use and benefit. A jury of freeholders ivas called, which, after hearing evidence, made their report; and the report, having undergone some modifications, was adopted and homologated by the Court of the Fourth District of New Orleans. In its judgment, the Court below awarded “to the members of the jury, collectively, for their services heroin, eighteen hundred dollars.” A suspensive appeal was prayed for by the city from this judgment, but refused. A short time after the motion was mado for the appeal, one of the jurors, who had been called to act in the matter, caused a rule to bo served upon the corporation, to show cause why the sum of one hundred and fifty dollars should not be paid him for his services, and upon the hearing of the rule he obtained an order rendering it absolute, and issued execution. The city, by its attorney, obtained from this Court a writ of prohibition, suspending the writ of fieri facias, and staving further proceedings in the case until further order of the Court.
The subject is before us on the petition, order of prohibition, and answer.
On the part of the city, it is contended that the Court below, having rendered judgment for a certain fixed sum to the jurors, collectively, for their services, could not legally afterwards award judgment to one of them separately for his share, or supposed share of the entire amount. That this single juror, already having judgment in his favor in the aggregate, for *383 all that lie is entitled to be paid for his services, cannot have judgment again for his part of the compensation. On the part of the juror, the plaintiff, in rule, it is held that the compehsation is that made to experts appointed by the Court to perform specific services; that such compensatión constitutes costs which are required to be paid before the termination of the suit in which they have been incurred; that experts being officers 6f Court, are entitled to be paid promptly their fees when they have accrued. We arc referred to Code of Practicó, Art. 552; to Bevised Statutes, page 12á, % 7, and to various decisions of this Court. After an examination of all the references given, we are unable’ to'find’among them any warrant of law, authorising experts employed by Courts to proceed summarily, and to issue execution to collect the’ compensation allowed them for their services.
By the act of 1855, Bevised Statutes, p. 124, \ 7, clerks and sheriffs have the right every six months, after a suit shall have been instituted in any of the Courts of this State, to demand their costs from the plaintiff; and, after authenticating the amounts due, to issue execution’for the collection of them. But to no other officers do we find this privilege granted. Compensation allowed to experts, auditors and judicial arbitrators is, by Article 552 of the Code of Practice, to be paid as well as the taxed costs by the party east; and this implies a delay of payment until the termination of the suit. In matter of expropriation, perhaps the rule is different; as in those cases, the expenses of proceedings are borne by the party requiring the expropriation to be made! But, still we find no exception in favor of, experts, which enables them to collect their Compensation before the.termination of the judicial proceedings incident in such eases to the settlement of the rights of the parties. The privilege granted to clerks and sheriffs to collect their costs every six months is founded upon obvious reasons, which do not apply to persons rendering isolated and casual services, and who are occasionally only and pro re nata officers of Court.
The case referred to in 10 Bob, page 150, recognizes the limitation of the privilege of collecting costs before the termination of the suit, to clerks and sheriffs. They can exercise that privilege only at intervals of six months, The plaintiff, in the matter now before us, if he had the privilege accorded to clerks and sheriff's, would seem to be premature in the exercise of it, for it appears that scarcely three months have elapsed since he rendered the services for which he claims to bo paid.
The city (defendant in rule) has appealed from the judgment, fixing the compensation to proprietors, and awarding to the freeholders, acting as experts, eighteen hundred dollars for their services. That allowance might, upon sufficient evidence, be shown to be excessive, and be liable to reduction. In such an event, an anomalous state’ of things might arise, if the plaintiff were permitted to proceed with his execution to recover a larger amount than would be found due him. Upon the whole, we think tho course he is pursuing irregular, and not sanctioned by law.
It is therefore ordered, adjudged and decreed, that the order of this Court rendered on the 30th of April, 1867, be made final, and the writ of prohibition then issued in this case, be perpetuated.